UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

SALEEM OMARI HICKMAN, )
)
    Plaintiff, )
)
v. ) CV423-340
)
THE STATE OF GEORGIA, )
and CHATHAM COUNTY )
COURT SYSTEM, )
)
    Defendant. )

## REPORT AND RECOMMENDATION

*Pro se* plaintiff Saleem Omari Hickman filed an ambiguous Complaint, discussed more fully below. *See generally* doc. 1. He also moved to pursue this case *in forma pauperis*. Doc. 2. After reviewing plaintiff's application, he does not appear indigent and his motion for leave to proceed IFP should be **DENIED**. Doc. 2. Although the Court would ordinarily afford him an opportunity to pay the required filing fee, *see* S.D. Ga. L. Civ. R. 4.2(2), since his Complaint is frivolous, it should be **DISMISSED** without affording him an opportunity to do so.

Hickman's application to proceed *in forma pauperis* is largely blank. *See generally* doc. 2. He states that he is employed and that he is "a real estates wholesaler / investor," who makes an average of $10,000

every four months. *Id.* at 1. The Court, therefore, calculates that his average monthly income is approximately $2,500 per month. He states that he has $258.00 in cash or in a checking or savings account. *Id.* at 2. He lists no other assets or monthly expenses. *Id.* Given his attestation that his income is several thousand dollars per month without any offsetting expenses, he is not indigent.

While a plaintiff need not be absolutely destitute in order to proceed IFP, *Adkins v. E.I. Dupont de Nemours*, 335 U.S. 331, 339 (1948), the fact that financing his own litigation may cause some difficulty is not sufficient to relieve a plaintiff of his obligation to pay his own way where it is possible to do so without undue hardship. *Thomas v. Secretary of Dep't of Veterans Affairs*, 358 F. App'x 115, 116 (11th Cir. 2009) (the Court has wide discretion in ruling on IFP application, and should grant the privilege "sparingly" in civil cases for damages). Two important points must be underscored. First, proceeding IFP is a privilege, not an entitlement. *See Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 198 (1993). Second, courts have discretion to afford litigants IFP status; it's not automatic. 28 U.S.C. § 1915(a)(1) (courts "*may* authorize the commencement" of IFP actions); *Denton v.*

*Hernandez*, 504 U.S. 25, 31 (1992); *see also Marceaux v. Democratic Party*, 79 F. App'x 185, 186 (6th Cir. 2003) (no abuse of discretion when court determined plaintiff could afford to pay the filing fee without undue hardship because he has no room and board expenses, owns a car, and spends the $250.00 earned each month selling plasma on completely discretionary items); *Lee v. McDonald's Corp.*, 231 F.3d 456, 458 (8th Cir. 2000) (the decision of whether to grant or deny IFP status under 28 U.S.C. § 1915 is discretionary). Given that it appears that Hickman has sufficient discretionary income and available funds to pay the Court's filing fee, he is not indigent. Accordingly, his application to proceed *in forma pauperis* should be **DENIED**. Doc. 2.

Ordinarily, this Court's Local Rules permit plaintiffs whose requests to proceed *in forma pauperis* are denied an opportunity to pay the required filing fee. *See* S.D. Ga. L. Civ. R. 4.2(2). However, no opportunity is warranted in this case, as Hickman's Complaint is subject to immediate dismissal as frivolous. The Supreme Court has explained that "a complaint . . . is frivolous where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Although dismissal where a defendant has not filed an answer is not preferred, it

is permissible where the complaint is "patently frivolous." *Jefferson Fourteenth Assocs. v. Wometco de Puerto Rico, Inc.*, 695 F.2d 524, 526 (11th Cir. 1983); *see also Davis v. Kvalheim*, 261 F. App'x 231, 234 (11th Cir. 2008) ("We have recognized that district courts have the inherent power to *sua sponte* dismiss frivolous suits without giving notice to the parties."); *Rosetta v. United States*, 2017 WL 4415674, at *1-2 (S.D. Ga. Aug. 29, 2017), *adopted* 2017 WL 4391720 (S.D. Ga. Sept. 29, 2017) ("[T]he Court has an obligation to dismiss any complaint that is factually and legally frivolous.").

Hickman's Complaint purports to assert a claim pursuant to the "Cestui Que Vie Act 1666." Doc. 1 at 3. The only factual basis asserted states, unedited and in full: "Cestui Que Vie Act 1666 – I am present to claim, I am not lost at sea." *Id.* at 4. In the section of the form complaint concerning requested relief, Hickman states, also unedited and in full: "I simply would like to be relieve by the return & access to my estates / trust fund that is connected to my all-caps-letter name. I am made aware of my age & right to show up on the face of myself." *Id.* at 4. Those statements, to the extent that they mean anything at all, identify

Hickman's Complaint as based on wholly discredited "sovereign citizen" theories.

The United States Court of Federal Claims has explained that "[s]overeign citizens also sometimes reference the Cestui Que Vie Act of 1666 . . . ." in seeking relief under "the sovereign citizen redemption theory," which refers to the belief "that when the government began issuing legal tender in 1933, all Citizens were pledged as collateral for the national debt resulting from the loss of value from the gold standard." *Wood v. United States*, 161 Fed. Cl. 30, 34 (2022) (internal quotation marks and citations omitted). Under the theory, "[a]ll Sovereign Citizens therefore have two identities: a real 'private' individual and a fictional 'public' person. Refusing to be used as collateral can hypothetically result in access to a trust fund held in the fictional person's name at the U.S. Treasury." *Id.* Such theories also frequently invoke "a distinction between their names written in all capital letters and the same names written with just the initial letters capitalized." *Id.* Given that those features appear in the limited and vague allegations in Hickman's Complaint, it is clearly based on a "sovereign citizen" theory, even though that term is never used.

"Sovereign citizen" theories have been consistently rejected by the federal courts as utterly frivolous, regardless of how the litigants portray themselves. *See, e.g., United States v. Sterling*, 738 F.3d 228, 233 n.1 (11th Cir. 2013) (noting that courts routinely reject sovereign citizen legal theories as "frivolous") (citing *United States v. Benabe*, 654 F.3d 753, 761-67 (7th Cir. 2011) (recommending that sovereign citizen theories "be rejected summarily, however they are presented")); *Roach v. Arrisi*, 2016 WL 8943290 at *2 (M.D. Fla. 2016) (noting that sovereign citizen theories have not only been consistently rejected by the courts, but they have been described as "utterly frivolous," "patently ludicrous," and "a waste of . . . the court's time, which is being paid for by hard-earned tax dollars") (citation omitted)); *United States v. Alexio*, 2015 WL 4069160 at *3 (D. Hawaii July 2, 2015). This Court has recognized that such claims are properly dismissed as frivolous. *See, e.g., Owens v. Wilcher*, 2022 WL 2440808, at *2 (S.D. Ga. July 5, 2022); *Williams v. Deal*, 2018 WL 5624309, at *1 (S.D. Ga. Oct. 19, 2018) ("To call 'sovereign citizen' arguments 'nonsense' would be an insult to nonsense; such arguments are utterly worthless . . . ."). Hickman's seeking "return & access to [his]

Estates / Trust fund that is connected to [his] all-caps-letter name," doc. 1 at 4, should, therefore, be **DISMISSED**.[1]

This R&R is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to the R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of

---

[1] In addition to the substantive frivolity of Hickman's claims, the named defendants, the State of Georgia and the "Chatham County Court System," are also immune from suit in this Court under the Constitution's Eleventh Amendment. *See, e.g., Nashid v. James*, 2018 WL 1092968m at *7 (S.D. Ga. Feb. 26, 2018) (dismissing claims against the State of Georgia and a state court as barred by Eleventh Amendment immunity). Since the claims Hickman asserts are frivolous, the defendants' immunity against those claims is moot.

rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED**, this 4th day of December, 2023.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA